STEPHEN PUTNEY SHOE CO. v. DASHIELL.

In re BOWDEN.

(Circuit Court of Appeals, Fourth Circuit. November 1, 1917.)

No. 1538.

BANKRUPTCY ⟨key⟩467—REVIEW—FINDINGS OF REFEREE.

A finding of fact by a referee, when confirmed by the lower court, will not be reversed on appeal, unless plain error is made to appear.

⟨key⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the District Court of the United States for the Eastern District of Virginia, at Richmond; Edmund Waddill, Jr., Judge.

In the matter of the bankruptcy of George A. Bowden. Petition by R. Grayson Dashiell, trustee, against the Stephen Putney Shoe Company, for return of a payment as a preference. An order of the referee was confirmed by the District Court, and the creditor appeals. Affirmed.

Allen G. Collins, of Richmond, Va., for appellant.

R. L. Montague, of Richmond, Va. (Daniel Grinnan, of Richmond, Va., on the brief), for appellee.

Before PRITCHARD and KNAPP, Circuit Judges, and CONNOR, District Judge.

KNAPP, Circuit Judge. Within four months prior to his adjudication, in a voluntary proceeding, the bankrupt made payments to appellant, his principal creditor, to the amount of $971.76, in excess of the value of merchandise furnished to him during the same period. Upon petition of the trustee, and after full hearing, the referee ordered a return of this balance on the ground that it was a voidable preference under section 60, subsection "b," of the Bankruptcy Act (Comp. St. 1916, § 9644). The order was confirmed by the District Court, and the creditor appeals.

The evidence of record shows beyond serious doubt that Bowden was hopelessly insolvent throughout the four months preceding his bankruptcy, and that the net amount paid to appellant during that time gave it a much larger percentage of its debt than other creditors of the same class could then or can now obtain. Indeed, the only debatable question is whether the appellant, when it received this money, "had reasonable cause to believe" that its retention would "effect a preference." But this was a question of fact to be determined from all the circumstances attending the transaction and the relations existing between the parties thereto. In a careful and exhaustive report the referee has reviewed the evidence in detail and set forth at some length the reasons for his conclusion upon this issue. It has long been the established rule in such cases that the findings of a referee, especially when confirmed by the lower court, will not be reversed on appeal, unless plain error is made to appear.

A careful study of the record here presented, not only fails to disclose any such error, but, on the contrary, satisfies us that the decree below was correct, and should be affirmed.